## Lewis, Secretary of State, and Robbins v. Stamper.

## Lewis, Secretary of State, and Nickell v. Stamper.

(Decided October 7, 1919.)

### Appeals from Franklin Circuit Court.

1. Elections—Primary Elections—When Expense Statement Not Required.—One who files a declaration as a candidate in the primary and who does not have opposition and is, pursuant to subsection 9 of section 1550, Kentucky Statutes, awarded a certificate of nomination, is not required to file a written statement of expenses incurred as a candidate previous to the primary, under section 1565b-4, Kentucky Statutes.

2 Elections—Primary Elections—When Expense Statement Not Necessary.—A candidate who fails to file a written statement before a primary does not forfeit his nomination, if he had no opposition, and was awarded a certificate of nomination under subsection 9 of section 1550, Kentucky Statutes.

3. Elections—Primary Elections—Subsection 5 of Section 1550, Kentucky Statutes.—Where there is no vacancy in the nomination, the governing authority of a political party is without power or authority to nominate another candidate for the same office, under subsection 5 of section 1550, Kentucky Statutes.

T. B. McGREGOR for appellant, Sherman Robbins.

MARSHALL & WILLIAMS for Stamper.

J. R. ADAMSON for A. C. Nickell.

OPINION OF THE COURT BY JUDGE SAMPSON—Dissolving injunction and overruling motion to dissolve.

The two above styled causes are considered and determined together because of their inseparable relation as well as because they were filed here and motion entered to dissolve the injunctions at the same time.

Appellee, A. H. Stamper, was a candidate at the recent primary election in Wolfe and Powell counties for the Democratic nomination for representative from the ninety-fourth legislative district, composed of said counties. He had opposition in the primary, but receiving the largest number of votes cast for any candidate, he was declared the nominee of his party and awarded a certificate of nomination which he later filed with the secretary of state in order that said officer might certify the name of Stamper to the county court clerks of Powell and Wolfe counties as the regular Democratic candidate for representative at the coming regular election.

Appellant, Jas. P. Lewis, is the regularly elected, qualified and acting secretary of state.

Sherman Robbins became a candidate in the said legislative district for the Republican nomination in said district, and filed his declaration as a candidate in due time, and there being no other candidate for the Republican nomination, Robbins was awarded a certificate of nomination as the Republican candidate for representative from the ninety-fourth legislative district by the secretary of state, pursuant to subsection 9 of section 1550, Kentucky Statutes, which declares that the secretary of state shall immediately after the expiration of the time for filing applications and declarations for places on the ballot, where only one candidate file such papers, issue to such candidate a certificate of nomination which shall have the same force and effect as the certificate of nomination provided to be issued by the canvassing officers after the election. The certificate of nomination was awarded to Robbins some forty days before the primary. Conceiving that it was unnecessary for him to file a verified written pre-primary statement, showing the sums of money received and disbursed by him as such candidate, as required by section 1565b-4 of the corrupt practices act, Robbins failed to file any statement until about the 27th day of August, which was about twenty

days after the primary. In due time, however, he did file with the secretary of state his certificate of nomination awarded him some forty days before the primary and then requested and now insists that he is entitled to have his name certified by the secretary of state to the clerks of the counties of Powell and Wolfe, and his name printed on the regular election ballot as the Republican nominee for representative, notwithstanding he failed to file a verified written pre-primary statement. His right to have his name certified by the secretary of state as the Republican nominee and printed on the ballot was and is challenged by appellee Stamper in the proceeding first above styled on the ground that Robbins has forfeited his nomination and became disqualified as the Republican nominee and candidate for the office aforesaid by failing to file his statement of expenses before the primary, as required by the section of the Kentucky Statutes referred to, and to prevent the secretary of state from certifying the name of Robbins as the Republican nominee for representative from the ninety-fourth legislative district, Stamper instituted an action No. 3455 in the Franklin circuit court, styled Howard Stamper, plaintiff against Jas. P. Lewis, Secretary of State, whereby he sought and obtained an injunction enjoining and restraining Jas. P. Lewis, as secretary of state, from certifying the name of Robbins to the respective county court clerks of Wolfe and Powell counties as the Republican candidate for representative from the ninety-fourth district. The record was then filed with the undersigned judge and with it a motion to dissolve the injunction. The record is made up of the petition and affidavit of Stamper to which Robbins filed a general demurrer. The demurrer was overruled and the defendants declining to further plead, the court adjudged the plaintiff Stamper entitled to the injunction which was the sole relief sought.

Was Robbins, who had no opposition in the primary and who received the certificate of nomination as the Republican candidate for representative from the ninety-fourth legislative district, some forty days before the primary and more than twenty days before the time fixed by section 1565b-4, Kentucky Statutes, in which to file a verified statement of expenses, required to file the verified written pre-primary statement, showing the sums

of money received and disbursed by him as a candidate before the primary, and did his failure to so file such statement before the primary disqualify him as a candidate and forfeit his nomination as the candidate of his party? If he became disqualified and forfeited his nomination by failing to file such verified statement previous to the primary election, then he was not entitled to have his name certified as the Republican nominee for representative from the ninety-fourth legislative district; and the demurrer to the petition was properly overruled and the injunction granted; but if his failure to file said statement previous to the primary election did not forfeit his nomination or disqualify him as the Republican candidate for said office, then the injunction was erroneously granted.

Two cases—Sparkman v. Saylor, 180 Ky. 263, and McKinney v. Barker, 180 Ky. 526—are relied upon by appellee Stamper as decisive of the question presented. In each of those cases we held that section 1564b-4, Kentucky Statutes, was mandatory as to the filing of such statement before an election, but directory only as to the time such statement should be filed. In other words, it was there held that a pre-election verified statement showing the sums contributed to and disbursed by the candidate must be filed before the election, but not necessarily upon the 15th day next before the election, as provided in the then existing statutes. A substantial compliance with the act was held to be sufficient. In the case of Sparkman v. Saylor, 180 Ky. 263, we said:

"We do not mean that a candidate must not reasonably and substantially comply with the provisions of the act as to the time of filing his pre-election and post-election statements, for this he must do, and his failure so to do will be a ground for contest; and in a contest where a failure to reasonably and substantially conform to this, or any, requirements of the act is made a ground for contest, the question will be determined upon the circumstances of each particular case, for it is manifest that what would be a reasonable and substantial compliance with the provision in one case might not be so in another; but, having decided that the act is mandatory only in requiring that a statement in proper form must be filed before the election, and directory merely as to time, it follows that where a proper pre-election statement has

been filed the election is not void, unless the time at which the statement was filed was not a reasonable and substantial compliance with the law, and the burden is upon the contestant to plead and prove such a failure."

The two cases referred to are very unlike the case at bar. This controversy arises out of a primary, and those contests resulted from a general election. The Sparkman-Saylor case came to this court from Leslie county. There it was agreed that one of the candidates filed a pre-election statement and that both filed post-election statements in conformity to the law; that they were both rightfully upon the ballot. One of them failed to file a written statement of expenses incurred previous to the final election, and we held that a failure to file such a statement was fatal.

In the McKinney-Barker case from Fayette county, the contest was between the Democratic nominee and the Republican nominee, each of their names being legally on the ballot at the general election.

In those cases we did not consider the question involved in this case, namely: must a candidate in the primary, who has no opposition and who receives a certificate of nomination under subsection 9 of section 1550, Kentucky Statutes, as did Robbins in this case, file a statement of his expenses previous to the primary? In the Sparkman-Saylor case as well as in the McKinney-Barker case, the candidates were regularly nominated, and the race came in the final election, and section 1565b-4 was applicable, but it has no application, so far as the filing of a pre-primary statement is concerned, to the situation we now have before us. This is manifest from the reading of the act. It says: "Any person who shall be a candidate before any caucus or convention, or *at any primary* election . . . shall . . . file with the officer . . . a statement in writing, which statement shall be subscribed and sworn to by such candidate and which shall set forth in detail all sums of money, or other thing of value contributed, disbursed, expended or promised by him, &c." It will be observed that only such persons as become and are candidates *at the primary election* are required to file the statement. It is argued, however, that the statute requires every person "who shall be a candidate before any caucus, or convention" shall file such statement, and the word "before" is emphasized

by counsel for appellee for the purpose of showing that all persons who are candidates at any time previous to the primary, whether they have opposition or not, shall file such statement. This construction does not give to the act its fair and reasonable interpretation and intendment, for we speak of one as a candidate "before a caucus" or "*before* a convention" when we mean that that one is a candidate or was a candidate in and at the caucus or convention, and this is the plain and unmistakable meaning of the statutes which we have before us. It was never intended that one who had become a candidate "before" (previous) any "caucus or convention," and who was not a candidate in the caucus or at the convention, should file any pre-convention statement, nor that any person who might declare himself a candidate previous to the primary election and who even went so far as to file his declaration as such candidate, should be required to file a statement of his expenses as such candidate if he did not run in and at said primary. We arrive at this conclusion in part by resorting to the general object and purpose of the corrupt practices act. Persons who do not have opposition for nomination are not called upon to, and do not "disburse, expend or promise" any money or other thing of value to secure the nomination, and, therefore, there are no corrupt practices in such case; but when there is opposition and two or more candidates run, the danger arises that one or the other of them may resort to some unfair means to obtain the nomination, and in his zeal to accomplish his purpose, disburses, expends or promises sums of money or other thing of value to influence and bring about his nomination, and this is the thing intended to be prevented by the statute under consideration. We, therefore, conclude that it was entirely unnecessary for Robbins, who received his certificate of nomination without opposition some forty days before the primary and more than twenty days before the day fixed for filing a verified statement of expenses incurred in the election, to file such statement previous to the primary. To put any other construction upon this section of the statute would bring it in conflict with subsection 9 of section 1550, Kentucky Statutes. It therefore follows that the general demurrer to the petition should have been sustained because the pleading does not state a cause of action against the secretary of state and Rob-

bins, and that the injunction restraining Jas. P. Lewis, secretary of state, from certifying the name of Sherman Robbins as the Republican nominee for representative from the ninety-fourth legislative district, composed of the counties of Wolfe and Powell, should not have been granted, Robbins not having forfeited or lost his right to such nomination by his failure to file, previous to the primary, a verified statement of expenses incurred in the primary. The injunction is dissolved and the secretary of state will promptly certify the name of Sherman Robbins to the respective county court clerks of Wolfe and Powell counties, as the Republican nominee for representative from the ninety-fourth legislative district.

This makes it unnecessary for us to more than briefly refer to the second case styled above, Jas. P. Lewis, Secretary of State, and A. C. Nickell, appellants, against A. H. Stamper, appellee, as will be readily observed from a brief statement of the facts. When it was discovered that Robbins had failed to file his pre-primary statement, as set forth above, some of the members of his party conceiving that Robbins had thus forfeited the nomination and that there would be no Republican nominee on the ballot at the general election, became alarmed and induced the Republican committee of the 94th legislative district to assemble, and award, as in case of a vacancy, the nomination to A. C. Nickell as the Republican candidate as representative from that district, and the said committee did assemble and award said nomination to said Nickell and issued to him as such nominee a certificate of nomination, duly signed by the chairman and secretary of the committee, and this certificate was filed by Nickell with the secretary of state with the request that the secretary of state certify the name of Nickell to the respective clerks of the county court in Wolfe and Powell counties as the Republican candidate for representative from the ninety-fourth legislative district. Appellee Stamper by an action filed in the Franklin circuit court on September 18th, sued out a restraining order against the secretary of state, Jas. P. Lewis, enjoining and restraining the said Lewis as secretary of state from certifying the name of Nickell as the Republican candidate, and this injunction Nickell has moved here to dissolve.

While not deciding whether one not a member of a political party could question the regularity of the nomination of a candidate of that party, we content ourselves with the observation that there was no vacancy in the Republican nomination from the ninety-fourth legislative district, and the Republican committee and governing authority of the legislative district was without power to confer upon Nickell the nomination which had been regularly and duly awarded to Robbins, and which Robbins had not forfeited or surrendered.

Nickell was, therefore, not entitled to have his name upon the ballot as the Republican candidate for representative.

The motion to dissolve the injunction in the case of Jas. P. Lewis and Sherman Robbins, appellants, against Stamper, appellee, is sustained and the injunction is dissolved. In the case of Jas. P. Lewis, Secretary of State, and A. C. Nickell, appellants, against Howard Stamper, the motion to dissolve the injunction is overruled because there was no vacancy in the Republican nomination and the said Nickell was not entitled to have his name certified as the Republican nominee or printed upon the ballot to be used in the regular election.

In the consideration of these several questions, Chief Justice Carroll and Judges Hurt and Settle sat with me and concur in the conclusion reached.