Wiley J. SALYER, Chairman, et al., Members of Magoffin Board of Election Commissioners and Howard Hensley, Clerk of Magoffin County Court, Movants,

v.

John Chris CORNETT, Democratic candidate for Circuit Judge, et al., Respondents.

Court of Appeals of Kentucky.

June 13, 1969.

Ralph Walter, West Liberty, Marcus Mann, Salyersville, for movants.

Cordell H. Martin, Earl Cornett, Hindman, for respondents.

STEINFELD, Judge.

John Chris Cornett, a candidate for circuit judge, and a number of other Republican and Democratic candidates brought suit against the members of the Magoffin County Board of Election Commissioners and the County Clerk. KRS 116.100. They alleged that pursuant to KRS 116.090 they had timely requested the Board of Election Commissioners to appoint one election officer in each of the twelve precincts of Magoffin County to serve in the 1969 primary elections. They claimed that the board had failed to comply with that statute and they demanded mandatory relief. The circuit court granted their request as to the precincts in one magisterial district but denied it as to those in the other two.

The board then moved here that the injunction be dissolved (CR 65.07), that the order of the circuit court be set aside and that we order that the officers as originally chosen by the board be retained. The motion was overruled by order, for the reasons we express herein.

In Magoffin County there were a total of nine candidates with opposition whose

names appeared on the voting machines in every precinct in the county. In addition, in magisterial district number one there were two candidates in the Republican primary and six in the Democratic primary seeking the office of magistrate. In magisterial district number two there were five candidates in the Republican primary and four in the Democratic primary seeking the office of magistrate. In magisterial district number three there were four candidates in the Republican primary and seven in the Democratic primary seeking the office of magistrate. Also in the third magisterial district three Republican and four Democratic candidates sought nomination for the office of constable. The lower court found, and it is not challenged, that those joining in the demand upon the Board of Election Commissioners for the appointment of election officers represented more than 25% but less than 50% of the candidates seeking election in magisterial district number two, but in the other two magisterial districts less than 25% of the eligible candidates joined in the petition. The movants contend that all candidates whose names appeared on the voting machine in any precinct should have been counted in determining the percentage as to every precinct in the county. The respondents argue that all candidates seeking election in the county could join to obtain election officers in every requested precinct in that county even though the election officers would serve in precincts where some of the names of those applicants would not appear on the voting machines or absentee ballots.

For a full understanding of KRS 116.090 it is necessary to consider its relationship to certain other statutes. KRS 116.070, among other things, directs the County Board of Election Commissioners not later than September 20th of each year to "* * * appoint for each election precinct in the county two judges, one clerk and one sheriff of election, who shall hold their offices for one year and until their successors are appointed and qualified." KRS 116.080 deals with qualifications, removals and vacancies of the election officers. KRS 116.090(1) states that "The county board of election commissioners shall appoint officers for primary elections as provided in KRS 116.070 and 116.080 for regular elections * * *" except that it permits the party committees to submit a list "to the board not less than twenty days before the holding of the primary * * *." That section also directs that the list '"* * * shall be open to inspection thereafter * * *." It authorizes bona fide candidates, regardless of their party affiliation, to unite "* * * in designating the names of persons to be appointed officers of election * * *."

Subsection (2) of that statute permits those united candidates to give written notice of their request by delivering the same to any member of the Board of Election Commissioners "* * * not later than fifteen days before the primary." It provides that a group equal to "* * * twenty-five of all bona fide candidates shall be entitled to designate and have appointed one person as an election officer in each precinct for which a name is submitted." and "in cases where names are designated for several precincts, the persons designated shall be appointed in equal proportion to the offices of clerk, sheriff and judge in the different precincts." The statute also provides that if the number of bona fide candidates is equal to 50% that group may designate and have appointed $\frac{1}{2}$ of the election officers, if the group equals 75% it may designate and have appointed $\frac{3}{4}$ of the election officers and if the group consists of all candidates it may designate and have appointed all of the election officers. It says that those election officers not designated by the candidates shall be taken from the list, if any, submitted by the political party committees.

The words "bona fide candidates" lead us to our answer. KRS 116.110(1) defines a bona fide candidate as follows:

"(1) A 'bona fide' candidate, as used in KRS 116.090 and 116.100, means one who is seeking nomination according to law, who honestly seeks the office for which he announces, who expects to make a campaign for the office and who is not supported by any group or faction who through the support of this candidate seeks to promote the welfare of another."

Those seeking nomination solely and only by the electors in magisterial district number one were not candidates in magisterial districts numbers two and three. Similarly those seeking nominations solely and only by the electors in magisterial district number two were not candidates in magisterial districts numbers one and three. Also those seeking nomination solely and only by the electors in magisterial district number three were not bona fide candidates in the other two magisterial districts. It is clear that one seeks "nomination according to law" only in the area embraced by the office to which he aspires and not beyond its boundaries. He can have no interest as a candidate in the selection of election officers in precincts in which the electors do not determine his nomination.

Two bona fide candidates were running county wide but being unopposed their names were not submitted to the electors in the primary elections. It was not argued before us that unopposed candidates may or may not be counted in determining the number of bona fide candidates to be nominated, or whether those unopposed candidates could join in the petition seeking to designate election officers. For that reason we do not reach those questions.[1]

The motion to set aside the order of the Magoffin Circuit Court is overruled.

All concur.

1. For information on this question see Lewis & Robins v. Stamper, 185 Ky. 183, 215 S.W. 35 (1919).